IN THE CIRCUIT COURT FOR BALTIMORE CITY MARYLAND

DENISE THORTON, Individually, and as Personal
Representative of the Estate of CIERRA RANDOLPH
9625 Axehead Court
Randallstown, MD 21133

and

ADRIAN MILES as Parent and Next Friend of
ADRIAN MILES, a minor
4108 Frankford Ave, 2nd floor
Baltimore MD 21206

and

KEITH RANDOLPH, Individually
1810 Harlem Avenue
Baltimore, MD 21217

       Plaintiffs

vs.

MARYLAND GENERAL HOSPITAL, INC.
827 Linden Ave.
Baltimore, MD 21201

Serve:
    Resident Agent
    Megan M. Arthur
    24th Floor
    250 W. Pratt Street
    Baltimore, MD 21201

       Defendant

## COMPLAINT

Plaintiffs, as set forth in the above caption, by and through counsel, The Cochran Firm, file this Complaint against Defendant Maryland General Hospital, Inc. and allege as follows in support of the claim:

## PARTIES

1.  Plaintiff Denise Thornton is the duly appointed administrator of the Estate of Cierra Randolph, and Cierra Randolph's natural mother. Denise Thornton resides at 9625 Axehead Court, Randallstown, Maryland.

2.  Plaintiff Adrian Miles is the natural father and parent of Adrian Miles, who is Cierra Randolph's natural son. Adrian Miles resides at 4108 Frankford Ave, 2nd floor, Baltimore MD 21206.

3.  Plaintiff Keith Randolph is the natural father of Cierra Randolph. Keith Randolph resides at 1810 Harlem Avenue, Baltimore, Maryland 21217.

4.  Defendant Maryland General Hospital, Inc. is, and at all times relevant herein was, a registered Maryland Corporation conducting business in Baltimore City, and other places, and providing health care services, including pre-natal, peri-partum and post-partum obstetrical care to persons in need thereof.

## JURISDICTION AND VENUE

5.  Jurisdiction is vested in this Court because the Defendants do business in Baltimore City, Maryland, the healthcare at issue occurred in Maryland, and the alleged damages exceed thirty thousand ($30,000) dollars.

6.  Plaintiffs have complied with the requirements of Annotated Code of Maryland, Courts and Judicial Proceedings Article, §3-2A-06B and have been granted an Order of Transfer of the case to this Court from the Agency.

## FACTS COMMON TO ALL COUNTS

6. On November 4, 2010, Cierra Randolph, then 37 weeks gestation, was admitted to Maryland General Hospital for onset of labor.

7. Within one hour of her presentation to Maryland General, Ms. Randolph was diagnosed with an intra-uterine fetal demise secondary to a suspected placental abruption, with laboratory results strongly suggestive of intrauterine hemorrhage and a severe coagulopathy.

8. Ms. Randolph's membranes were artificially ruptured at 00:14 on November 5, 2010.

9. At 01:18 Ms. Randolph delivered a deceased male infant.

10. At 01:20 Ms. Randolph's placenta was delivered with gross evidence of total abruption including a large clot covering the retro-placental surface.

11. Ms. Randolph continued to hemorrhage after delivery

12. By 01:41 hemobate and cytotec had been used in an attempt to control the bleeding. It was also noted at this time that the only IV line that had been started upon Ms. Randolph's arrival had become infiltrated.

13. By 01:45, Ms. Randolph had lost an estimated 750cc's of blood, was continuing to hemorrhage, and had no IV access with which to replace her intravascular volume.

14. At 01:46 Ms. Randolph was transferred to her room in order to start an IV.

15. At 01:52 nursing notes indicate that two attempts had been made at starting an IV but neither was successful.

16. At 01:54, Nurse Chandra Dodson paged IV therapy and was told they could not respond and that she should contact the nursing supervisor.

17. At 02:46, with no IV in place, Anesthesia was paged by Ms. Randolph's nurse. Anesthesia responded by telling Ms. Randolph's nurse to call phlebotomy.

18. At 02:52 a unit of PRBC's was hung for Ms. Randolph. 2 minutes later, it was discontinued because the IV was noted to be infiltrated.

19. At 03:00 Ms. Randolph was transferred to the ICU. She arrived there with no IV access. Several more attempts at IV placement were made without success. Finally, venous access was acquired via a right ante-cubital cut down. Ms. Randolph continued to decompensate.

20. At 03:45, a code blue was finally called and Ms. Randolph was intubated.

21. The code was run for more than two hours. Ms. Randolph was defibrillated three times during the code. Ms. Randolph's heart rate and blood pressure eventually returned.

22. Ms. Randolph remained in the ICU on a ventilator for the next day and half. During this time, she required numerous vassopressors and infusions of blood and blood products to maintain a blood pressure.

23. At 12:30 on November 7, 2010, Ms. Randolph arrested for the final time. She was pronounced dead at 12:40 pm.

## COUNT ONE
### Negligence Causing Wrongful Death

24. Plaintiffs incorporate herein by reference each and every allegation set forth above and further state as follows:

25. Defendant Maryland General Hospital, Inc. and its agents, servants, and employees, owed Cierra Randolph a duty to exercise the degree of care, skill and judgment expected of reasonable and competent health care providers, acting in the same or similar circumstances, whose duty included, among other things, the reasonable monitoring, testing,

administration and management of Ms. Randolph's intra and post partum bleeding complications.

26. Defendant Maryland General Hospital, Inc. and its agents, servants, and employees, were negligent in the management and care of Cierra Randolph including, but not limited to the diagnosis and treatment of her intra and post partum bleeding disorder.

27. As a direct and proximate result of the negligence of Defendant Maryland General Hospital, Inc. and its agents, servants, and employees, Cierra Randolph's life was prematurely ended.

28. As a further direct and proximate result of the negligence of Defendant Maryland General Hospital, Inc. and its agents, servants, and employees, the Plaintiffs have incurred funeral expenses and have incurred, and will continue to incur in the future, the lost financial support, emotional support, solatium, and household services of Cierra Randolph.

29. As a further direct and proximate result of the negligence of Defendant Maryland General Hospital, Inc. and its agents, servants, and employees, the Plaintiffs have been further damaged.

WHEREFORE, the Claimants demand judgment in excess of $30,000 (thirty thousand) in compensatory damages against Defendant Maryland General Hospital, Inc. and its agents, servants, and employees.

## COUNT TWO
### Negligence – Survival Action

30. Plaintiffs incorporate herein by reference each and every allegation set forth above and further state as follows:

31. Defendant Maryland General Hospital, Inc. and its agents, servants, and employees, owed Cierra Randolph a duty to exercise the degree of care, skill and judgment expected of reasonable and competent health care providers, acting in the same or similar circumstances, whose duty included, among other things, the reasonable monitoring, testing, treatment and management of Ms. Randolph's intra and post partum bleeding complications.

32. Defendant Maryland General Hospital, Inc. and its agents, servants, and employees, were negligent in the management and care of Cierra Randolph including, but not limited to the diagnosis and treatment of Ms. Randolph's intra and post partum bleeding complications.

33. As a direct and proximate result of the negligence of Defendant Maryland General Hospital, Inc. and its agents, servants, and employees, Cierra Randolph's bleeding complications were not timely diagnosed and/or treated, causing her to consciously suffer great pain and mental anguish up until the time of her tragic and untimely death.

34. As a further direct and proximate result of the negligence of Defendant Maryland General Hospital, Inc. and its agents, servants, and employees, Cierra Randolph was further damaged.

WHEREFORE, Denise Thornton, as Administrator of the Estate of Cierra Randolph demands judgment in excess of $30,000 (thirty thousand) in compensatory damages against Defendant Maryland General Hospital, Inc., plus interest, costs and any and all other relief as this Court may deem appropriate.

Respectfully submitted,

**THE COCHRAN FIRM**

By: _____
Paul M. D'Amore
1100 New York Avenue, N.W.
Suite 340, West Tower
Washington, DC 20005
Telephone: (202) 682-5800
Facsimile: (202) 408-8851

*Counsel for Plaintiffs*

Date: April 8, 2011

### JURY DEMAND

Plaintiffs demand a trial by jury as to all issues raised herein.

_____
Paul M. D'Amore

### CERTIFICATE OF GOOD STANDING

I hereby certify that I am a member in good standing of the Bar of the State of Maryland.

_____
Paul M. D'Amore

HEALTH ADMINISTRATIVE DISPUTE RESOLUTION OFFICE
State of Maryland
6 St. Paul Street, Suite 1501
Baltimore, Maryland 21202-1608
(410) 767-8200

<u>CLAIM FORM</u>       HCA NO.

| **CLAIMANT(S)** | **HEALTH CARE PROVIDER(S)** |
|---|---|
| Denise Thorton, Individually, and as Personal Representative of the Estate of Cierra Randolph | Maryland General Hospital, Inc. |
| Name | Name |
| 9625 Axehead Court | 827 Linden Ave. |
| Street Address | Street Address |
| Randallstown, MD 21133 | Baltimore, MD 21201 |
| City, State, Zip Code | City, State, Zip Code |
| | |
| Adrian Miles | |
| Name | Name |
| 4108 Frankford Ave, 2nd floor | |
| Street Address | Street Address |
| Baltimore MD 21206 | |
| City, State, Zip Code | City, State, Zip Code |
| | |
| Keith Randolph | |
| Name | Name |
| 1810 Harlem Avenue | |
| Street Address | Street Address |
| Baltimore, MD 21217 | |
| City, State, Zip Code | City, State, Zip Code |

[RECEIVED MAR 24 2011 HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE]

(1) This claim is filed pursuant to Title 3, Subtitle 2A of the Courts Article. The damages claimed are in excess of $30,000.00 and the appropriate venue is : <u>Baltimore City</u>.

(2) The basis of the claim is described on the page(s) attached hereto.

(3) The resolution of the claim will involve particular expertise in this area of specialty: <u>Obstetrics</u>.
(PLEASE SEE REVERSE SIDE FOR AREAS OF CONCENTRATION)

<u>WARNING</u>: Each Claimant has been advised that he/she may be held civilly liable for part or all the costs resulting from the filing of this claim, whether it is won or lost; this would be an individual and personal responsibility.

| **ATTORNEY FOR CLAIMANT(S)** | **CLAIMANT(S)** |
|---|---|
| *[signature]* Paul M. D'Amore | *[signature]* Denise Thorton |
| Signature | Signature — Denise Thorton |
| 1100 New York Avenue, NW, Suite 340 West | *[signature]* Adrian Miles |
| Street Address | Adrian Miles |
| Washington, DC 20005 | *[signature]* Keith E. Randolph |
| City, State, Zip Code | Keith Randolph |
| (202) 682-5800 | |
| Telephone Number | Signature of each Claimant |

1

STATE OF MARYLAND
EXECUTIVE DEPARTMENT

MARTIN O'MALLEY
GOVERNOR

HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE                                    HARRY L. CHASE, DIRECTOR

WILLIAM DONALD SCHAEFER TOWER
6 ST. PAUL STREET, SUITE 1501
BALTIMORE, MARYLAND 21202-1608
(410) 767-8200
TDD (410) 333-3098
FAX (410) 333-6247
OUTSIDE BALTIMORE 1-800-492-1951



PERSONAL INFORMATION CERTIFICATION

HCADRO #

1. Agency Appropriation Code:     23.01.05

2. Claimant(s):  DENISE THORTON, Individually, and as Personal Representative of the Estate of CIERRA RANDOLPH and ADRIAN MILES as Parent and Next Friend of ADRIAN MILES, a minor, and KEITH RANDOLPH

3. Home Address: 9625 Axehead Court
   City  Randallstown    State   MD    Zip Code   21133

4. Telephone Numbers:
   Work ( )  _____ (Denise Thornton)
   Home (443) 629-9940
   Work ( )  _____ (Adrian Miles)
   Home (443) 865-0081
   Work ( )  _____ (Keith Randolph)
   Home (443) 469-1367

5. Date of Birth:  05/28/1962   (Denise Thornton)
                   05/31/1988   (Cierra Randolph (deceased))
                   04/17/1987   (Adrian Miles)

6. Social Security Numbers
                   218 - 76 - 8590   (Denise Thornton)
                   217 - 21 - 9415   (Cierra Randolph (deceased))
                   214 - 15 - 8136   (Adrian Miles)

7. Maryland Driver's License Number(s): _____

8. Taxpayer Identification Number (FEIN) (If Applicable)

                                                      not applicable

# IN THE MARYLAND HEALTH CLAIMS
## ALTERNATIVE DISPUTE RESOLUTION OFFICE

DENISE THORTON, Individually, and as Personal
Representative of the Estate of CIERRA RANDOLPH
9625 Axehead Court
Randallstown, MD 21133

and

ADRIAN MILES as Parent and Next Friend of
ADRIAN MILES, a minor
4108 Frankford Ave, 2nd floor
Baltimore MD 21206

and

KEITH RANDOLPH, Individually
1810 Harlem Avenue
Baltimore, MD 21217

      Claimants

vs.

MARYLAND GENERAL HOSPITAL, INC.
827 Linden Ave.
Baltimore, MD 21201

Serve:
    Resident Agent
    Megan M. Arthur
    24th Floor
    250 W. Pratt Street
    Baltimore, MD 21201

      Health Care Providers.



RECEIVED
MAR 2 4 2011
HEALTH CARE
ALTERNATIVE DISPUTE
RESOLUTION OFFICE

HCA No.: _____

## STATEMENT OF CLAIM

Claimants, as set forth in the above caption, by and through counsel, The Cochran Firm, file this Claim against Health Care Provider Maryland General Hospital, Inc. and allege as follows in support of the claim:

## PARTIES

1. Claimant Denise Thornton is the duly appointed administrator of the Estate of Cierra Randolph, and Cierra Randolph's natural mother. Denise Thornton resides at 9625 Axehead Court, Randallstown, Maryland.

2. Claimant Adrian Miles is the natural father and parent of Adrian Miles, who is Cierra Randolph's natural son. Adrian Miles resides at 4108 Frankford Ave, 2nd floor, Baltimore MD 21206.

3. Keith Randolph is the natural father of Cierra Randolph. Keith Randolph resides at 1810 Harlem Avenue, Baltimore, Maryland 21217.

4. Health Care Provider Maryland General Hospital, Inc. is, and at all times relevant herein was, a registered Maryland Corporation conducting business in Baltimore City, and other places, and providing health care services, including pre-natal, peri-partum and post-partum obstetrical care to persons in need thereof.

## JURISDICTION AND VENUE

5. Jurisdiction is vested in this Agency because the Health Care Providers do business in Maryland, the healthcare at issue occurred in Maryland, and the amount in controversy exceeds $30,000 (thirty thousand).

## FACTS COMMON TO ALL COUNTS

6. On November 4, 2010, Cierra Randolph, then 37 weeks gestation, was admitted to Maryland General Hospital for onset of labor.

7. Within one hour of her presentation to Maryland General, Ms. Randolph was diagnosed with an intra-uterine fetal demise secondary to a suspected placental abruption, with laboratory results strongly suggestive of intrauterine hemorrhage and a severe coagulopathy.

8. Ms. Randolph's membranes were artificially ruptured at 00:14 on November 5, 2010.

9. At 01:18 Ms. Randolph delivered a deceased male infant.

10. At 01:20 Ms. Randolph's placenta was delivered with gross evidence of total abruption including a large clot covering the retro-placental surface.

11. Ms. Randolph continued to hemorrhage after delivery

12. By 01:41 Hemobate and cytotec had been used in an attempt to control the bleeding. It was also noted at this time that the only IV line that had been started upon Ms. Randolph's arrival had become infiltrated.

13. By 01:45, Ms. Randolph had lost an estimated 750cc's of blood, was continuing to hemorrhage, and had no IV access with which to replace her intravascular volume.

14. At 01:46 Ms. Randolph was transferred to her room in order to start an IV.

15. At 01:52 nursing notes indicate that two attempts had been made at starting an IV but neither was successful.

16. At 01:54, Nurse Chandra Dodson paged IV therapy and was told they could not respond and that she should contact the nursing supervisor.

17. At 02:46, with no IV in place, Anesthesia was paged by Ms. Randolph's nurse. Anesthesia responded by telling Ms. Randolph's nurse to call phlebotomy.

18. At 02:52 a unit of PRBC's was hung for Ms. Randolph. 2 minutes later, it was discontinued because the IV was noted to be infiltrated.

19. At 03:00 Ms. Randolph was transferred to the ICU. She arrived there with no IV access. Several more attempts at IV placement were made without success. Finally, venous access was acquired via a right ante-cubital cut down. Ms. Randolph continued to decompensate.

20. At 03:45, a code blue was finally called and Ms. Randolph was intubated.

21.     The code was run for more than two hours. Ms. Randolph was defibrillated three times during the code. Ms. Randolph's heart rate and blood pressure eventually returned.

22.     Ms. Randolph remained in the ICU on a ventilator for the next day and half. During this time, she required numerous vassopressors and infusions of blood and blood products to maintain a blood pressure.

23.     At 12:30 on November 7, 2010, Ms. Randolph arrested for the final time. She was pronounced dead at 12:40 pm.

## COUNT ONE
### Negligence Causing Wrongful Death

24.     Claimants incorporate herein by reference each and every allegation set forth above and further state as follows:

25.     Health Care Provider Maryland General Hospital, Inc. and its agents, servants, and employees, owed Cierra Randolph a duty to exercise the degree of care, skill and judgment expected of reasonable and competent health care providers, acting in the same or similar circumstances, whose duty included, among other things, the reasonable monitoring, testing, administration and management of Ms. Randolph's intra and post partum bleeding complications.

26.     Health Care Provider Maryland General Hospital, Inc. and its agents, servants, and employees, were negligent in the management and care of Cierra Randolph including, but not limited to the diagnosis and treatment of her intra and post partum bleeding disorder.

27.     As a direct and proximate result of the negligence of Health Care Provider Maryland General Hospital, Inc. and its agents, servants, and employees, Cierra Randolph's life was prematurely ended.

28. As a further direct and proximate result of the negligence of Health Care Provider Maryland General Hospital, Inc. and its agents, servants, and employees, the Claimants have incurred funeral expenses and have incurred, and will continue to incur in the future, the lost financial support, emotional support, solatium, and household services of Cierra Randolph.

29. As a further direct and proximate result of the negligence of Health Care Provider Maryland General Hospital, Inc. and its agents, servants, and employees, the Claimants have been further damaged.

WHEREFORE, the Claimants demand judgment in excess of $30,000 (thirty thousand) in compensatory damages against Health Care Provider Maryland General Hospital, Inc. and its agents, servants, and employees.

## COUNT TWO
### Negligence – Survival Action

30. Claimants incorporate herein by reference each and every allegation set forth above and further state as follows:

31. Health Care Provider Maryland General Hospital, Inc. and its agents, servants, and employees, owed Cierra Randolph a duty to exercise the degree of care, skill and judgment expected of reasonable and competent health care providers, acting in the same or similar circumstances, whose duty included, among other things, the reasonable monitoring, testing, treatment and management of Ms. Randolph's intra and post partum bleeding complications.

32. Health Care Provider Maryland General Hospital, Inc. and its agents, servants, and employees, were negligent in the management and care of Cierra Randolph including, but not limited to the diagnosis and treatment of Ms. Randolph's intra and post partum bleeding complications.

5

33. As a direct and proximate result of the negligence of Health Care Provider Maryland General Hospital, Inc. and its agents, servants, and employees, Cierra Randolph's bleeding complications were not timely diagnosed and/or treated, causing her to consciously suffer great pain and mental anguish up until the time of her tragic and untimely death.

34. As a further direct and proximate result of the negligence of Health Care Provider Maryland General Hospital, Inc. and its agents, servants, and employees, Corlis Gilmore was further damaged.

WHEREFORE, Denise Thornton, as Administrator of the Estate of Cierra Randolph demands judgment in excess of $30,000 (thirty thousand) in compensatory damages against Health Care Provider Maryland General Hospital, Inc., plus interest, costs and any and all other relief as this Agency may deem appropriate.

Respectfully submitted,

THE COCHRAN FIRM

By: Paul M. D'Amore
1100 New York Avenue, N.W.
Suite 340, West Tower
Washington, DC 20005
Telephone: (202) 682-5800
Facsimile: (202) 408-8851

Counsel for Claimants

Date: March 23, 2011