# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DENISE THORNTON et al.          *
                                *
                                *
    v.                          *   Civil Action No. WMN-13-162
                                *
MARYLAND GENERAL HOSPITAL       *
    et al.                      *
                                *
                                *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM**

Pending before the Court are Plaintiffs' Motion to Sever, ECF No. 27, and Third-Party Defendant Dana Lee, M.D.'s ("Dr. Lee") Motion to Dismiss and Remand to State Court, or Alternatively, Motion to Substitute, Sever, and Stay Action. ECF No. 29. The motions are fully briefed. Upon consideration of the pleadings and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the Third Party Complaint against Dr. Lee will be dismissed but the action will not be remanded to state court. Plaintiffs' Motion to Sever will be denied as moot.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit has an unusual procedural history. It arises from the death of Cierra Randolph while a patient at Maryland General Hospital ("MGH"). Plaintiffs initially filed this medical malpractice/wrongful death action in the Circuit Court for Baltimore City naming MGH as the sole defendant. ECF No. 2.

1

After learning that two of the physicians involved in Ms. Randolph's care, Dr. Harold T. Rowson and Dr. Dana Lee, were not MGH employees, Plaintiffs filed an Amended Complaint naming Drs. Rowson and Lee as additional defendants. ECF No. 15.

Plaintiffs subsequently learned that Dr. Lee was employed at all times relevant by the People's Community Health Center, a federally-funded community health center. As such, he is deemed a federal employee under the provisions of the Federally Supported Health Centers Assistance Act (FSHCAA). See Wilson v. Big Sandy Healthcare, Inc., 553 F. Supp. 2d 825, 829-30 (E.D. Ky. 2008) (citing 42 U.S.C. § 233). The United States Attorney for the District of Maryland, as representative of the Attorney General of the United States, filed a certification pursuant to 28 U.S.C. § 2679(d) that Dr. Lee was acting within the scope of his federal employment at the time of the incident out of which Plaintiffs' claim arose and notified Plaintiffs that the government would be defending Dr. Lee and would be removing the case to this Court. To avoid removal, Plaintiffs dismissed the claims against Dr. Lee, without prejudice, on November 19, 2012. Plaintiffs still seek recovery for Dr. Lee's alleged negligent acts, but now from MGH under a theory of "ostensible agency." ECF No. 27 at 5.

MGH subsequently filed a third-party complaint against Dr. Lee in January 2013 for indemnity and contribution. ECF No. 23.

Dr. Lee then removed the case to this Court on January 15, 2013, pursuant to 28 U.S.C. § 1442(a), which states that "[a] civil action . . . that is commenced in a State court . . . may be removed . . . to the district court of the United States for the district and division embracing the place wherein it is pending" where the claim is brought against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress." On January 22, 2013, Plaintiffs filed their motion to sever Dr. Lee from the case, arguing that MGH's third-party complaint against Dr. Lee was not timely. ECF No. 27. The following day, Dr. Lee filed the present motion to dismiss and remand the case to state court, or alternatively, to substitute, sever, and stay the claims against him. ECF No. 29. Plaintiffs responded supporting Dr. Lee's motion to dismiss. ECF No. 33. MGH and Dr. Rowson opposed both Dr. Lee's motion to dismiss and Dr. Lee's and Plaintiffs' motions to sever. ECF Nos. 35-38.

## II. DISCUSSION

### A. Jurisdiction Over Claims Against Dr. Lee

Dr. Lee argues that the claims against him must be dismissed under the derivative jurisdiction doctrine.[1] "The doctrine of derivative jurisdiction requires that a federal court's jurisdiction over a removed case mirror the jurisdiction that the state court had over the action prior to removal." Palmer v. City Nat'l Bank, of West Virginia, 498 F.3d 236, 239 (4th Cir. 2007). Because federal employees acting within the scope of their employment are immune from suit in state courts except where immunity has been waived, the state court had no jurisdiction over the claims against Dr. Lee. Relying on the Fourth Circuit's affirmation in Palmer of the continued viability of the doctrine of derivative jurisdiction, the government argues that, because the state court had no jurisdiction over the claims against Dr. Lee, this Court has no jurisdiction over those claims.

In Palmer, Defendant City National Bank of West Virginia served a third-party complaint on two federal agencies: the Farms Service Agency and U.S. Department of Agriculture. Id. The federal agencies filed a notice of removal pursuant to 28

---

[1] Dr. Lee also argues the following in support of his motion to dismiss and remand: (1) MGH's third-party claim against Dr. Lee was untimely, and; (2) MGH's counts I and II failed to state a claim because MGH is alleged to have committed "active negligence" which prohibits assertion of an indemnity claim against Dr. Lee. Because the Court is dismissing the claims against Dr. Lee based on the derivative jurisdiction doctrine, these arguments do not need to be addressed.

4

U.S.C. § 1442(a)(1), based on their federal agency status.  Id.  Following removal, the federal agencies filed a motion to dismiss the third-party complaint, arguing that the doctrine of derivative jurisdiction applied and that, under that doctrine, the federal court also lacked jurisdiction over the federal agencies.  Id.  The Fourth Circuit agreed and affirmed the district court's dismissal of the claims against the federal agencies for lack of subject matter jurisdiction.  Id. at 246.

In reaching this conclusion, the Fourth Circuit acknowledged the somewhat anomalous result of the dismissal of removed actions that would have been within the exclusive jurisdiction of the federal courts had they been originally filed in federal court.  Id. at 245.  The court also noted the criticism leveled at the doctrine by other courts.  Id. (quoting, inter alia, Welsh v. Cunard Lines, Ltd., 595 F. Supp. 844 (D. Ariz. 1984), which deemed the derivative jurisdiction doctrine as "'an archaic concept that impedes justice'" and "'is out of tune with the federal rules.'").  Nonetheless, the Fourth Circuit concluded that Congress had never altered this longstanding rule, at least as to removals under § 1442.  The Fourth Circuit observed that a then-recent amendment to the general removal statute, 28 U.S.C. § 1441, actually confirmed the continued viability of the doctrine as applied to removals under § 1442.  In 2002, Congress amended § 1441 to provide:

"'The court to which <u>a civil action is removed under this section</u> is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.'" <u>Id.</u> (quoting 28 U.S.C. § 1441(f), emphasis added by Fourth Circuit). The court concluded from the language used in that amendment that Congress's abrogation of derivative jurisdiction was limited to removals under § 1441 and that the doctrine remains viable for removals under § 1442. <u>Id.</u> at 246.

To avoid the controlling precedent of <u>Palmer</u>, MGH argues that Dr. Lee improperly removed the case under § 1442 and that the Court should re-characterize the removal as taking place under 42 U.S.C. § 233. In support, MGH relies on an unreported district court decision from the District of Hawaii. <u>Nye v. Hilo Med. Ctr.</u>, Civ. No. 09-00220 JMS/KSC, 2010 WL 931926 (D. Haw. Mar. 11, 2010). In <u>Nye</u>, the District Court of Hawaii found that the federal third-party defendant improperly removed its case under § 1442 because the third-party defendant, like Dr. Lee, was a health care provider as defined in § 233(g) of the FSHCAA. <u>Id.</u> at *3. Because the third-party defendant was only eligible to remove the case to federal court due to its § 233 designation, the court concluded that removal under § 1442 was improper. The court then found that the derivative jurisdiction did not apply under a § 233 removal.

6

Assuming, arguendo, that this Court could re-characterize the ground for removal, it would be of no avail to MGH. While courts like Nye, in other circuits, have reached a different conclusion, the Fourth Circuit has stated that the derivative jurisdiction doctrine has been abrogated only as to removals under § 1441. Palmer, 498 F.3d at 245-46 ("[T]here is no legislative history to support the view that Congress intended to . . . eliminate the derivative-jurisdiction doctrine entirely . . . 'Congress left no doubt that Section 1441(f) applies only to removals under Section 1441 and not to removals under any other section of the United States Code.'") (quoting Barnaby v. Quintos, 410 F.Supp.2d 142, 144 (S.D.N.Y. 2005); see also, Jiron v. Christus St. Vincent Reg'l Med. Ctr., --- F. Supp. 2d ---, Civ. No. 12-428, 2012 WL 7869678 (D.N.M. Nov. 7, 2012) (recognizing that courts, including Nye, have reached a different conclusion but holding that removals under § 233 are subject to the derivative jurisdiction doctrine). Therefore, whether the case was properly removed under § 1442 or § 233 is inapposite. Under Palmer, the derivative jurisdiction applies to both removal statutes and, accordingly, the claims against Dr. Lee must be dismissed.

### B. Remand of the Remaining Claims

Dr. Lee, joined by Plaintiffs, argues that if the claims against him are dismissed this case should be remanded to state

court for further proceedings. ECF No. 29-1 at 11; ECF No. 33. Dr. Lee asserts that, without claims against the United States, only state common law tort claims remain and no additional subject matter jurisdiction exists. Id. In what might also seem like a somewhat anomalous result, the Court finds that this action cannot be remanded to the state court.

Once a case has been removed pursuant to a § 2679(d) certification, the Supreme Court has held that the district court must retain jurisdiction over the case. Osborn v. Haley, 549 U.S. 225, 245 (2007). In Osborn, the defendant had been certified under § 2679(d)(2) as a federal employee acting within the scope of his employment. Id. at 234. After being deemed a federal employee, the defendant removed the case to federal court under § 1442. Id. The District Court subsequently overruled the § 2679(d)(2) certification, removing the United States as a party to the case. Because "the United States was no longer before the court[,] the parties were not of diverse citizenship, and no federal law was at issue[,]" the district court held that it did not have subject-matter jurisdiction over the case and remanded it to the state court. Id. at 234-35. In reviewing that decision, the Supreme Court held that § 2697(d)(2) precluded the district court from remanding the case.[2]

---

[2] Section 2679(d)(2) provides in pertinent part that the "certification of the Attorney General shall conclusively

8

As one district court has observed, there is in the language of Osborn some ambiguity as to whether the prohibition on remand of cases removed pursuant to § 2679(d)(2) is limited only to cases where the district court rejects the § 2679(d)(2) certification or whether it applies to all cases removed under that provision. Anselmo v. Mull, Civ. No. 12-1422, 2012 WL 4863661 at *2-*3 (E.D. Cal. Oct. 11, 2012). In support of the limited scope is the following language: "Congress gave district courts no authority to return cases to state courts <u>on the ground that the Attorney General's certification was unwarranted</u>"; "[w]ere it open to a district court to remand a removed action <u>on the ground that the Attorney General's certification was erroneous</u>, the final instruction in § 2679(d)(2) would be weightless." Osborn, 549 U.S. at 241–42 (emphasis added). Supporting the more sweeping scope is this language:

> when the Attorney General certifies scope of employment, triggering removal of the case to a federal forum[,] . . . § 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court. Our decision . . . leaves the district court without authority to send a certified case back to the state court.

Id. at 243.

---

establish the scope of office or employment for purposes of removal."

9

While at least one district court in another circuit has adopted the more limited reading of Osborn, see Salazar v. PCC Community Wellness Center, Civ. No. 08-1764, 2010 WL 391383 (N.D. Ill. Jan. 29, 2010), the only district court in this circuit to have reached the issue and of which this Court is aware, Kebaish v. Inova Health Care Services, 731 F. Supp. 2d 483, 487 (E.D. Va. 2010), followed the broader reading. While acknowledging that Osborn involved the rejection of the scope of employment certification, the court in Kebaish concluded that "Osborn holds that § 2679(d)(2) provides a conclusive basis for federal subject matter jurisdiction in all cases, regardless of whether certification is ultimately upheld." 731 F. Supp. 2d at 487 (citing Osborn, 549 U.S. at 243)). The court found that this result was also more consistent with previous Fourth Circuit decisions holding that the jurisdiction properly acquired by the removal under 2679(d)(2) "'was effectively mandatory and did not permit a discretionary remand following denial of the federal immunity defense.'" Id. (quoting Mangold v. Analytic Servs., Inc., 77 F.3d 1442 (4th Cir. 1996), which cited Jamison v. Wiley, 14 F.3d 222, 239 (4th Cir. 1994)); see also Ross v. Bryan, 309 F.3d 830 (4th Cir. 2002); Borneman v. United States, 213 F.3d 819 (4th Cir. 2000).

While this Court certainly could echo the sentiment of its sister court that "this case presents an undeniably appealing

10

candidate for remand, given that no federal claims or defendants remain," it must also echo that court's conclusion that "the Supreme Court's decision in Osborn nonetheless forcloses remand."  Kebaish, 731 F. Supp. 2d at 487-88.

## III. CONCLUSION

For the foregoing reasons, the claims against Dr. Lee will be dismissed but the Court declines to remand the case to state court.  A separate order will issue.

                                                _____/s/_____
                                                William M. Nickerson
                                                Senior United States District Judge

May 8, 2013