IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENISE THORNTON et al.

v.                                 Civil Action No. WMN-13-162

MARYLAND GENERAL HOSPITAL
    et al.

## MEMORANDUM AND ORDER

On May 8, 2013, this Court issued a Memorandum and Order that resulted in what the Court acknowledged was an anomalous result. In that Memorandum and Order, the Court dismissed the claims against Dr. Dana Lee, who had previously been certified under 28 U.S.C. § 2679(d) as a federal employee acting within the scope of his employment. Notwithstanding the fact that this dismissal left only state claims against non-diverse parties, the Court held that remanding the case to the state court was not permitted under the Supreme Court's decision in Osborn v. Haley, 549 U.S. 225, 245 (2007).

Plaintiffs have filed a motion for reconsideration of that decision. ECF No. 51. The Court notes that most of the issues raised and cases cited by Plaintiffs were addressed in the Court's May 8, 2013. Briefly stated, Plaintiffs argue that: (1) Osborn is not controlling in this case because there was no challenge to the government's 28 U.S.C. § 2679(d) certification;

1

(2) Osborn is not controlling where, as here, a case was removed under 28 U.S.C. § 1442; (3) the removal under 28 U.S.C. § 1442 should be recast as a removal under 42 U.S.C. § 233, for which remand would be mandatory; and (4) the limited nature of this Court's jurisdiction would be offended by retaining this case here. Plaintiffs also express concern that, should this Court's ruling be incorrect and this Court not have jurisdiction, any judgment by this Court would be rendered nugatory. ECF No. 51 at 8. In their reply brief, they suggest further that, should the Court deny their motion, it should include in its ruling a finding "that all jurisdictional challenges have been waived by Defendant Maryland General Hospital and Defendant Harold T. Rowson, M.D. as per their vigorous oppositions to Plaintiffs' Motion to Reconsider." ECF No. 55 at 1.

As to the argument that Osborn is limited to claims where the §2679(d) certification is challenged, the Court addressed that issue in its previous memorandum. ECF No. 42 at 9-10. In the motion to reconsider, Plaintiffs provide no basis to limit the broad language of Osborn to its particular facts. The Supreme Court has concluded that Congress adopted the language of § 2679(d)(2) to "'foreclose needless shuttling of a case from one court to another.'" Osborn, 549 U.S. at 227 (quoting Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 433 n.10 (1995)). That purpose is implicated regardless of whether

certification was challenged. As Justice Souter observed in language later quoted in Osborn, "there is nothing equivocal about the Act's provision that once a state court action has been removed to a federal court after certification by the Attorney General, it may never be remanded to the state system." Lamagno, 515 U.S. at 440 (Souter, J. dissenting) (quoted in Osborn, 549 U.S. at 227).

As to the contention that, while Osborn might apply to actions removed under 28 U.S.C. § 2679(d)(2), it does not apply to actions removed "solely under 28 U.S.C. § 1442," the Court finds that argument without factual or legal support. The Notice of Removal references both § 1442 and § 2679, ECF No. 1 ¶¶ 2, 3, and the Civil Cover Sheet also references § 1442 and "2671 et seq." ECF No. 1-1. Regardless, the Fourth Circuit has noted that "the two removal provisions are complementary in their intended operation," and that under both, "the jurisdiction properly acquired by the removal was effectively mandatory and did not permit a discretionary remand. . . ." Mangold v. Analytic Servs., Inc., 77 F.3d 1442, 1453 (4th Cir. 1996).

Plaintiffs' suggestion that the removal should be recast as a removal under § 233 relies on an unreported decision from the District of Hawaii, Nye v. Hilo Med. Ctr., Civ. No. 9-220, 2010

3

WL 931926 (D. Haw. Mar. 11, 2010).[1] In Nye, the court did conclude that the case should have been removed pursuant to § 233 but, in that case, the defendant was actually certified under § 233. Here, Dr. Lee was certified under § 2679(d). Plaintiffs have cited no authority for the proposition that the Court can recast both the certification and the removal.

As to Plaintiffs' public policy argument, Congress apparently balanced the interest in not shuttling cases back and forth between court systems against the possibility that exclusively state claims might remain in federal court and concluded that the shuttling of cases was of greater concern. This Court cannot second guess that determination. The Court notes that maintaining jurisdiction over state law claims after federal claims are dismissed is not unique to this context. The same can occur under the doctrine of "supplemental jurisdiction." See Yashenko v. Harrah's N.C. Casino Co., 446 F.3d 541 (4th Cir. 2006) ("Once a district court has dismissed the federal claims in an action, it maintains 'wide discretion'

---

[1] Defendant Maryland General has previously looked to the decision in Nye to suggest that the Court should re-characterize the removal of this action as one under § 233. Maryland General was seeking to avoid the application of the derivative jurisdiction doctrine. The Court assumed, arguendo, that the removal be re-characterized, but held it would not make a difference as, under Fourth Circuit precedent, the derivative jurisdiction doctrine was still applicable to § 233 removals, a holding at odds with the holding of Nye. ECF No. 42 at 7.

to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction.").

Finally, the Court must address Plaintiffs' request that it include in its order that "all jurisdictional challenges have been waived by Defendant Maryland General Hospital and Defendant Harold T. Rowson, M.D." While this Court could include that language in an order, it would likely be of no effect as subject matter jurisdiction is not subject to waiver. Long v. Silver, 248 F.3d 309, 315 n.3 (4th Cir. 2001) ("Waiver or estoppel principles cannot confer subject matter jurisdiction on a court that would otherwise lack it.") (citing American Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18 (1951)); but see Intellivision v. Microsoft Corp., 484 F. App'x 616, 621 (2nd Cir. 2012) (stating in dicta that "special care" must be taken in considering whether judicial estoppel should even apply to matters affecting federal subject matter jurisdiction, but also noting that that court has "never held [] that judicial estoppel can never apply to matters affecting subject matter jurisdiction").

Accordingly, IT IS this 11th day of July, 2013, by the United States District Court for the District of Maryland, ORDERED:

1) That Plaintiffs' Motion for Reconsideration, ECF No 51, is DENIED; and

2) That the Clerk of this Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
               /s/
```
William M. Nickerson
Senior United States District Judge